**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDAL GEORGE,<br><br>    Defendant. | No. 1:17-CR-00030-JLT-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582(c)(1)(A)<br><br>(Doc. 56) |

Randal George is a federal prisoner moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A). (Doc. 56.) The Government opposes this motion, (Doc. 63), and George has filed a reply. (Doc. 70.) For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

On February 12, 2018, George pleaded guilty to one count of receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). (Doc. 30.) The Court sentenced him to 90 months imprisonment, followed by a 120-month term of supervised release. (Docs. 39, 41.) The imposed sentence was well below the 168–210 month guideline range applicable to George's conduct, which carried an offense level of 34; George's criminal history level was I. (Doc. 33 at 3.) George is currently serving his sentence at Terminal Island FCI and has a release date in 2024. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited December 15, 2022). To date, George has served approximately 57 months of his

1

sentence. (Doc. 43-1 at 2–3.) George now requests compassionate release on the basis of medical need, "precarious family circumstances," and a sentencing disparity. (Doc. 56 at 1.)

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA"), imprisoned defendants may bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

First, defendants petitioning for compassionate release must exhaust administrative remedies. Once they do so, courts consider whether "extraordinary and compelling reasons warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A) (2018). Then, the court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*.

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2018). This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). The relevant policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction:

(1) the defendant suffers from a medical condition that is terminal

>    or substantially diminishes the defendant's ability to provide self-care in a correctional environment;
>
>    (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment;[1]
>
>    (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or
>
>    (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.

*United States v. Allen*, No. 17-0229, 2019 WL 6529113, at *2 (E.D. Wash. Dec. 4, 2019) (citing U.S.S.G. § 1B1.13 cmt. 1).

## ANALYSIS

**A.    Administrative Exhaustion**

The parties agree that George has properly exhausted his request for compassionate release as to his health conditions, (Doc. 63 at 4), but the government argues that he has not administratively exhausted a request for release on the grounds of his family circumstances. George argues that the Court can find exhaustion even where the reasons for compassionate release in a petitioner's motion do not perfectly parallel his request to the Warden. (Doc. 70 at 2.) The Court need not resolve this disagreement, because George fails to demonstrate extraordinary and compelling reasons for relief even if he has properly exhausted his administrative remedies.

**B.    Extraordinary and Compelling Reasons**

George argues that his age and medical conditions, in conjunction with the COVID-19 pandemic, warrant his release. Specifically, George complains of hypertension, hyperlipidemia, benign prostatic hypertrophy, chronic life-time dependency on prophylactic anti-viral therapy, and angina." (Doc. 56 at 8.) BOP medical records submitted by the government confirm that, as

---

[1] This category does not apply to George because, despite his age, he has not served 10 years or 75% of his sentence. His calculations to the contrary are incorrect (*see* Doc. 70 at 4); as of the date of this Order, he has served approximately 58 months—only 63% of his 90-month sentence.

3

of August 2022, George was being treated for herpes viral infection, hyperlipidemia, essential (primary) hypertension, and an enlarged prostate. (Doc. 67 at 29.) Medical records also confirm George's heart attack in 2018. (Doc. 67 at 29.) Of these conditions, the CDC notes that hypertension and a compromised immune system "can" make one more likely to "get very sick from COVID-19." *See* Ctrs. for Disease Control & Prevention, Coronavirus Disease 2019 (COVID-19), People With Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019- ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited December 15, 2022).

However, George is fully vaccinated against COVID-19, including the booster he received in January 2022. (Doc. 67 at 33–34.) When a defendant is vaccinated, this Court and others have employed a rebuttable presumption that the risk of severe harm from COVID-19 is not an "extraordinary and compelling" reason under § 3582(c)(1)(A)(i). *See United States v. Smith*, 538 F. Supp. 3d 990, 999 (E.D. Cal. May 11, 2021). A defendant can rebut this presumption by offering evidence of an elevated personal risk of severe harm despite the protections of vaccination. *Id*.

George has provided no data about COVID-19 transmission or risk in his current facility,[2] and he fails to offer argument as to why his conditions put him at high risk of COVID-19 complications *despite* his vaccinated status. Crucially, BOP medical records demonstrate that George contracted COVID-19, pre-vaccination, and George has not informed the Court of any complications caused by his underlying conditions. (Doc. 67 at 20.) Further, George does not contest the government's assertion that his conditions are being monitored and treated while he is incarcerated; he merely complains that he has not had access to sufficient exercise, which he asserts without citation is "the best treatment[] for hypertension[] and hyperlipidemia." (Doc. 70 at 4.) On this record, the Court cannot conclude that George has established extraordinary and

---

[2] The statistics that George provides regarding COVID-19 rates "in prisons" compared to "the general population" are too general to be relevant for the Court's risk assessment. (Doc. 70 at 3.)

1   compelling reasons warranting his release on the basis of his medical conditions.

2   Next, George argues that he should be released to care for his 87-year-old mother, who
3   has Parkinson's disease, and "invalid" brother who "requires daily assistance". (Dog. 56 at 11.)
4   George notes that his 87-year-old father currently cares for George's mother and brother, but he
5   is suffering his own declines due to age. (*Id*.)

6   Section 1B1.13 provides that extraordinary and compelling "family circumstances"
7   include "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor
8   children," or "[t]he incapacitation of the defendant's spouse or registered partner when the
9   defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G.
10  § 1B1.13, cmt. n.1 (C). Courts have disagreed as to whether, after the enactment of the FSA,
11  extraordinary and compelling family circumstances may extend beyond the criteria set forth in §
12  1B1.13.³

13  This Court agrees that, in light of the Ninth Circuit's decision in *Aruda*, U.S.S.G. §
14  1B1.13 may inform the Court's decision, but the Court is not restricted thereby and instead has
15  "full discretion to define 'extraordinary and compelling' without consulting the policy statement
16  § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). In doing so, however,
17  the Court cannot find that George's family circumstances present an extraordinary and
18  compelling reason to grant compassionate release. Many inmates have aging parents with
19  various ailments. If a sick parent—absent truly extraordinary circumstances—was considered a
20  compelling reason, virtually every inmate seeking a sentence reduction on this ground could

---

³ *See, e.g., United States v. Rojas*, 2021 WL 4690509, at *1 (S.D. Cal. Oct. 7, 2021) ("This court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant compassionate release.") (quoting *United States v. Rodriguez*, 424 F. Supp. 3d 674, 674 (N.D. Cal. 2019));*United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (holding that courts could consider factors not enumerated in § 1B1.13); *United States v. Yoda*, 2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020) ("[T]he Court refuses to countenance the notion that § 3582(c)(1)(A)(i) categorically bars consideration of certain kinds of familial relationships when ascertaining whether compassionate release is warranted."); *but see United States v. Cortez*, 2020 WL 6875432, at *4 (E.D. Cal. Nov. 23, 2020) ("The policy statement regarding compassionate release, however, does not provide relief for inmates on the basis of their parents or grandparents."); *United States v. Ingram*, 2019 WL 3162305, at * 2 (S.D. Ohio, July 16, 2019) ("[F]amily circumstances that constitute 'extraordinary and compelling reasons' simply do not include [Defendant's] mother. Many, if not all inmates, have aging and sick parents."); *United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i).").

5

produce one.

Furthermore, the record fails to establish that there is truly no one other than George who could care for his mother and brother. George acknowledges that his father currently provides care, and though George briefly alludes to his father's age and declining state, he provides no details. George provides no declaration in support of his contentions regarding his family members' need for care. He mentions, for example, that he has a common-law wife with whom he would live if released, but he offers no explanation as to why she could not help with care for his family members. (Doc. 56 at 11.) On this record, George fails to establish that his family circumstances constitute extraordinary and compelling reasons for relief.

Last, George's motion briefly claims that he was subject to a sentencing disparity which may warrant relief; however, he cites no relevant change in the Sentencing Guidelines or other law which impacted him, and he does not identify what specific disparity he is afflicted by. As such, he has not demonstrated extraordinary and compelling reasons for compassionate relief due to the claimed disparity.

**C.    Consistency with the § 3553(a) Factors**

The Court also notes that the § 3553(a) factors weigh against George's release.[4] Several district courts have analyzed similar motions in the midst of the COVID-19 pandemic and concluded that a defendant convicted of child pornography offenses should not be released. *See, e.g.*, *United States v. Mitchell*, No. 2:12-cr-0401 (KJM), 2020 WL 2770070, at *3–4 (E.D. Cal. May 28, 2020) (denying motion for compassionate release due to the nature of a conviction for receiving child pornography, lack of rehabilitation evidence, and term served at time of the motion); *United States v. Feiling*, 435 F. Supp. 3d. 832, 841 (E.D. Va. 2020) (denying motion

---

[4] Title 18 U.S.C. § 3553(a) provides that, in determining the sentence to be imposed, the court shall consider: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

for compassionate release of defendant convicted of possession of child pornography in part because defendant committed his instant offense while at home, meaning that release, even with conditions, would be less likely to protect the public); *United States v. Miezin*, 456 F. Supp. 3d 911, 916 (N.D. Ohio 2020) (declining to release a defendant convicted of receipt and distribution of child pornography, in part because "[i]n today's society with smartphones, tablets, laptops, smart TVs, and countless other devices, it would not be possible to . . . eliminate his ability to engage in his prior criminal conduct" outside of custody); *United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *3 (S.D. Fla. Apr. 20, 2020) (denying motion for compassionate release of defendant convicted of possession of child pornography because defendant would be released to "precisely the location in which the offense for which he was convicted was committed, [] present[ing] a concern that Defendant will reoffend.")

    Like the defendants in those cases, George's misconduct took place online, and his offense conduct was particularly troubling. The Presentence Report ("PSR") notes that George's conduct relevant conduct included more than 9,669 image files depicting child pornography and child erotica, as well as 183 videos depicting the same. Some of these files depicted minors engaged in bestiality, and the "youngest victims depicted appeared to be" between three and six years old. (Doc. 33 at 4–5.)

    Though George mentions his lack of disciplinary history while incarcerated, his effort to obtain an education and his involvement with religious activities, he has not demonstrated sufficient rehabilitation to overcome the seriousness of his offense and the potential danger to the public if he were to be released. Furthermore, the Court reiterates that George's 90-month sentence is 78 months less than the low end of the guidelines range. In the Court's view, any sentence reduction in this case would not reflect the seriousness of George's offenses, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct.

///

///

///

///

**CONCLUSION**

Accordingly,

1. Defendant George's's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 56), is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 19, 2022**

UNITED STATES DISTRICT JUDGE